UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

JERRY BRAGG, # 367054,   )
            )
    Plaintiff,   )
            )  Case No. 1:16-cv-1271
v.          )
            )  Honorable Paul L. Maloney
MICHAELA STAFF, et al.,   )
            )
    Defendants.  )
———————————————————————)

## **REPORT AND RECOMMENDATION**

This is a civil rights action brought *pro se* by a state prisoner pursuant to 42 U.S.C. § 1983.   Plaintiff is an inmate at the Muskegon Correctional Facility.   This lawsuit arises out of conditions of his confinement in 2016 at the Oaks Correctional Facility.   The defendants are Food Service Supervisor Michaela Staff and Food Service Director Jolene Lambrix.   Plaintiff alleges that Supervisor Staff retaliated against him in violation of his First Amendment rights on May 5, 2016, by filing a false Class III misconduct charge against him for violation of food service rules.   He alleges that Director Lambrix retaliated against him in violation of his First Amendment rights on June 30, 2016, by aggressively approaching him, questioning why he did not sign off on a May 12, 2016, grievance against Supervisor Staff,[1] and

---

[1]  Plaintiff alleges that he filed grievances against Supervisor Staff on May 8, 12, and 27, 2016.   (Compl. ¶¶ 11, 14, 16, ECF No. 1, PageID.3-5).   He indicates that his May 12, 2016 (Grievance No. ECF No. 2016-05-1361-17E) was the subject of his encounter with Director Lambrix.   (*Id.* at ¶¶ 14, 18).

threatening to terminate his work assignment.   In addition, plaintiff invokes 42 U.S.C. § 1981, the Fourteenth Amendment's Due Process and Equal Protection Clauses, and he asks that the Court exercise supplemental jurisdiction over unspecified state law tort claims.   Plaintiff seeks an award of damages.[2]

The matter is before the Court on defendants' motion for summary judgment. (ECF No. 94).   Plaintiff opposes the motion.   (ECF No. 101-03).   Defendants filed a reply brief[3] (ECF No. 105-06) and plaintiff filed a sur-reply brief.[4]   (ECF No. 107-08).   For the reasons stated herein, I recommend that the Court dismiss all plaintiff's federal claims other than his First Amendment retaliation claims under 42 U.S.C. §§ 1915(e)(2), 1915A, for failure to state a claim upon which relief can be granted.   I recommend that the Court decline to exercise supplemental jurisdiction.   I further recommend that defendants' motion for summary judgment (ECF No. 94) be granted in part and denied in part.   Defendants' motion should be granted on plaintiff's First

---

[2] Although plaintiff states that he is seeking a "declaratory [j]udgment" (Pltf's Brief at 1, ECF No. 103, PageID.517), his complaint is limited to claims for damages.   (*See* Compl. at 5, PageID.5).

[3] Defendants attached exhibits to their reply brief.   (ECF No. 106-1, 106-2).   A reply brief is not the place to present new evidence.   *See Perkins v. Rock-Tenn Servs., Inc.*, 700 F. App'x 452, 460 (6th Cir. 2017); *Key v. Shelby Cty.*, 551 F. App'x 262, 265 (6th Cir. 2014).   Moreover, the exhibits attached to defendants' reply brief are duplicative of exhibits attached to plaintiff's initial brief, and as such, they are disregarded.

[4] Sur-reply briefs may not be filed without leave of Court.   *See* W.D. MICH. LCIVR 7.2(c).   Plaintiff's unauthorized sur-reply brief (ECF No. 107-08) is disregarded.

-2-

Amendment retaliation claim against Supervisor Staff and denied on plaintiff's First Amendment retaliation claim against Director Lambrix.

## I.    Plaintiff's Non-retaliation Claims and State Action

The briefs filed in connection with defendants' motion for summary judgment ignore plaintiff's purported claims under the Fourteenth Amendment's Due Process and Equal Protection Clauses, 42 U.S.C. § 1981, and state law.   (Compl. ¶¶ 3, 20-22, PageID.2, 5).   Under the provisions of the Prison Litigation Reform Act, the Court is required to dismiss plaintiff's claims against defendant if it determines that the complaint fails to state a claim upon which relief can be granted.   28 U.S.C. §§ 1915(e)(2), 1915A; *see Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *2 (6th Cir. Mar. 31, 2017) ("These statutes require[ ] a district court to screen and dismiss complaints that are frivolous, are malicious, or fail to state a claim upon which relief may be granted.").

A complaint that fails to allege " 'enough facts to state a claim to relief that is plausible on its face' " must be dismissed for failure to state a claim.   *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' "   *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).   "A plaintiff falls short if he pleads facts 'merely consistent with a defendant's liability'

-3-

or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]' " *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79). "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice" to state a plausible claim for relief. *Bright v. Gallia Cty.*, 753 F.3d 639, 652 (6th Cir. 2014) (citation and quotation omitted); *see Allen v. NCL Am. LLC*, 741 F. App'x 292, 297 (6th Cir. 2018) (A complaint "alleg[ing] a paucity of facts and a plethora of conclusory allegations and legal conclusions masquerading as allegations of fact" fails to state a claim upon which relief can be granted.).

A.    Due Process

A prisoner's ability to raise a due process challenge to a prison misconduct proceeding depends on whether the conviction implicates a liberty interest. The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a prisoner's loss of liberty implicates a federally cognizable liberty interest protected by the Due Process Clause. A prisoner is entitled to the protections of due process only when a deprivation "will inevitably affect the duration of his sentence" or imposes an

-4-

"atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484, 487.

Plaintiff's due process claim concerns the procedures followed in a Class III misconduct proceeding.[5]   A Class I misconduct is considered a major misconduct. Class II and Class III misconducts are considered minor misconducts.   *See Nunnally v. Benson*, No. 2:19-cv-38, 2019 WL 850894, at *3 (W.D. Mich. Feb. 22, 2019).   A Michigan prisoner's conviction on a minor misconduct charge does not implicate the due process clause because he or she "does not have a protected liberty interest in prison disciplinary proceedings unless the sanction 'will inevitably affect the duration of his sentence' or the resulting restraint imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' " *Nunnally*, 2019 WL 850894, at *4 (quoting *Sandin*, 515 U.S. at 484, 487). Misconduct convictions that do not result in the loss of good time or other atypical, significant deprivations do not implicate due process.   *See Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004).   Because the minor misconduct charge did not implicate a liberty interest, plaintiff has no due process claim based on the misconduct proceedings.

---

[5] To the extent that plaintiff asserts that he was deprived of due process because of a violation of prison procedures, he fails to state a claim.   Alleged failures to comply with a state administrative rule or policy do not rise to the level of constitutional violations.   *See Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007).

Plaintiff did not have any protected liberty or property interest in his prison work assignment.   *See Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (prisoners have no constitutional right to rehabilitation, education or jobs); *see also Davidson v. Fed. Bureau of Prisons*, No. 17-5429, 2017 WL 8897005, at \*3 (6th Cir. Nov. 29, 2017) ("[T]he Constitution and federal law do not create a property right for inmates in a job[.]").   Accordingly, he was not entitled to due process in connection with the termination or threatened termination of that assignment.   *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) ("Without a protected liberty or property interest, there can be no federal procedural due process claim.").

B.   Equal Protection

"The Equal Protection Clause of the Fourteenth Amendment provides that a state may not 'deny to any person within its jurisdiction the equal protection of the laws.'"   *Maye v. Klee*, 915 F.3d 1076, 1085 (6th Cir. 2019) (quoting U.S. CONST., amend. XIV, § 1).   "The Clause embodies the principle that all persons similarly situated should be treated alike."   *Scarbrough v. Morgan Cty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006).

"To state an equal protection, claim, a plaintiff must adequately plead that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right,

-6-

targets a suspect class,[6] or has no rational basis." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011).   The threshold element of an equal protection claim is disparate treatment.   *Id.* (citing *Scarbrough*, 470 F.3d at 260).   Plaintiff's claim fails because he does not allege facts to demonstrate that the other prisoners were similarly situated.[7]   *See Aldridge v. City of Memphis*, 404 F. App'x 29, 42 (6th Cir. 2010) ("First, '[t]o satisfy [the Equal Protection Clause's] threshold inquiry, [plaintiffs] must allege that [they] and other individuals who were treated differently were similarly situated in all material respects.'") (quoting *Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 F. App'x 826, 836 (6th Cir. 2009)); *see also Hubbard v. Theut*, No. 2:19-cv-52, 2019 WL 1198536, at *5 (W.D. Mich. Mar. 14, 2019) (dismissing prisoner's purported equal protection claim because his "assertion of disparate treatment [was] wholly conclusory" rather than being supported by facts).   Plaintiff's complaint fails to state an equal protection claim because he has not alleged facts demonstrating disparate treatment.

---

[6] Prisoners are not a suspect class.   *See Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).   Because plaintiff alleges that he is African American (Compl. ¶ 21, PageID.5), he is a member of a protected class.   *See Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 460 (6th Cir. 2011).

[7] An "equal protection" plaintiff must be similarly situated to his comparators "in all relevant respects[.]"   *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992); *see also Paterek v. Village of Armada, Mich.,* 801 F.3d 630, 650 (6th Cir. 2015) (" 'Similarly situated' is a term of art—a comparator [] must be similar in 'all relevant respects.' ") (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011)).

-7-

C.    Section 1981

Section 1981 "prohibits racial discrimination in the making and enforcement of private contracts."  *Runyon v. McCrary*, 427 U.S. 160, 168 (1976).   Plaintiff does not allege that defendants interfered with his right to make or enforce a contract on account of his race.   A prisoner's work assignment is not an employment contract. *See Nettles v. Smoker*, No. 1:13-cv-1353, 2015 WL 1565429, at *5 (W.D. Mich. Apr. 8, 2015) ("[P]rison work assignments are not employment in the traditional sense, but a condition of confinement.").   A claim based on termination of a prison work assignment fails to state a claim upon which relief can be granted under section 1981.   *See Lacey v. Ohio Dep't of Rehab. and Corr.*, No. 1:18-cv-2006, 2019 WL 233619, at *2 (N.D. Ohio Jan 16, 2019).   I find that plaintiff's complaint fails to state a claim under section 1981.

D.    Supplemental Jurisdiction

Plaintiff alleges that the Court "has supplemental jurisdiction over [his] State Law tort claims under 28 U.S.C. § 1367."   (Compl. ¶ 3, ECF No. 1, PageID.2). Plaintiff fails to identify these claims, however.   (*Id.* at ¶¶ 20-22, PageID.5).   Under 28 U.S.C. § 1367, a district court has broad discretion to decide whether to exercise jurisdiction over state law claims.   *Smith v. Erie Cty. Sheriff's Dep't*, 603 F. App'x 414, 424 (6th Cir. 2015).   "Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right."   *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003). I recommend that the Court decline to exercise supplemental jurisdiction.

E.    <u>State Action</u>

To state a cause of action under 42 U.S.C. § 1983, "a plaintiff must allege the deprivation of a right secured by the United States Constitution or a federal statute by a person who was acting under color of state law." *Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003).   An individual acts "under color of law" when the individual exercises "power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Polk Cty. v. Dodson*, 454 U.S. 312, 329 (1981) (citation and quotation omitted).

Defendants argue that plaintiff failed to allege facts sufficient to establish state action.[8]   (Def. Brief 10-13, ECF No. 96, PageID.431-34; Reply Brief, 3, ECF No. 105, PageID.525).   Plaintiff's allegations that Trinity's employees provided food services inside the prison to inmates in state custody, traditionally a state function, are sufficient allegations that defendants are state actors to support claims under 42 U.S.C. § 1983.   *See Dykes v. Marshall*, No. 1:14-cv-1167, 2016 WL 1059618, at *3 (W.D. Mich. Mar. 17, 2016); *see also Vartinelli v. Aramark Corr. Servs.*, LLC, No. 18-cv-10964, 2019 WL 1402653, at *5 (E.D. Mich. Mar. 28, 2019) (collecting cases).

I recommend that all plaintiff's federal claims other than his First Amendment retaliation claims be dismissed under 42 U.S.C. §§ 1915(e)(2), 1915A for failure to

---

[8] Defendants' "*respondeat superior*" arguments (Plf. Brief, 18-19, PageID.439-40; Reply Brief, 4-5, PageID.526-27) warrant no discussion beyond noting that Trinity is not a defendant.

state a claim upon which relief can be granted.   I further recommend that the Court decline to exercise supplemental jurisdiction.

## II.   Defendants' Motion for Summary Judgment

### A.   Applicable Standards

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.   FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016).   The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' "   *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).   The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion.   *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim.   *See Morris v. Oldham Cty. Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*,

398 F.3d 751, 761 (6th Cir. 2005).    Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact.    *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).    To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings.    *See Huff v. TeleCheck Servs., Inc.*, 923 F.3d 458, 462 (6th Cir. 2019).    The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial.    *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see AES-Apex Employer Servs., Inc. v. Rotondo*, 924 F.3d 857, 866 (6th Cir. 2019) ("[C]asting only [a] 'metaphysical doubt' is insufficient to survive summary judgment.") (quoting *Matsushita*, 475 U.S. at 586).    "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' " *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252)); *see Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018).

B.    <u>Preliminary Matters</u>

Plaintiff's complaint is not properly verified, as he has interjected the limitations that the allegations are made on information and belief.    (Compl. at 5-6, ECF No. 1, PageID.5-6).    "[S]tatements made on belief or on information and belief, cannot be utilized on a summary-judgment motion."    *Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015) (citation and quotation omitted).    Accordingly,

-11-

plaintiff's complaint will not be considered as an affidavit in opposition to defendants'
motion. *See Simmons v. Rogers*, No. 1:14-cv-1242, 2017 WL 1179376, at *1 (W.D.
Mich. Mar. 30, 2017) (collecting cases).

The declarations of prisoners Parker and Howard that plaintiff attached to his
complaint (ECF No. 1-1, PageID.9-11) are not be considered because they do not
satisfy the statutory requirements of 28 U.S.C. § 1746.    These purported
declarations are made "to the best of [the declarant's] information, knowledge and
belief." (ECF No. 1-1, PageID.9, 11).    The declaration that plaintiff filed in response
to defendants' motion for summary judgment (Plf. Decl., ECF No. 101) will be
considered because it satisfies the statutory requirement of section 1746, including
an unambiguous statement "under penalty of perjury that the foregoing is true and
correct." (*Id.* at 3, PageID.101).    But the May 8, 2016, quote attributed to
Supervisor Staff, purportedly overheard by prisoner Parker and later relayed to
plaintiff, cannot be considered because it is multi-level hearsay.[9]    "[H]earsay cannot
be considered at the summary-judgment stage." *Livingston Christian Sch. v. Genoa
Charter Twp.*, 858 F.3d 996, 1008 (6th Cir. 2017); *see also Bluegrass Dutch Tr.
Morehead, LLC v. Rowan Cty. Fiscal Ct.*, 734 F. App'x 322, 327 (6th Cir. 2018)

---

[9] Paragraph five of plaintiff's declaration states as follows:    "May 8, 2016, Plaintiff's
witness Bruce-X Parker had a conversation while going through the food service
serving line with defendant Staff where she stated in response to a question posed by
Bruce-X that 'she just doesn't like African Americans[], you guys look so menacing.'"
(Plf. Decl. ¶ 5, PageID.512).

(collecting cases); *Hurick v. McKee*, No. 17-1396, 2018 WL 4908138, at *3 (6th Cir. Apr. 30, 2018) (The same rules apply to evidence offered by a *pro se* litigant.).

Defendants did not support their motion for summary judgment with affidavits or declarations under 28 U.S.C. § 1746.    Instead, they filed their responses to plaintiff's discovery requests.    Director Lambrix interjected the limitations that her responses were "true and accurate to the best of [her] knowledge, information and belief." (ECF No. 95-1, PageID.400; ECF No. 95-3, PageID.412).    By contrast, Supervisor Staff specified that any responses made on information and belief were so identified.    (ECF No. 95-2, PageID.405; ECF No. 95-4, PageID.420).

In *Ondo*, the Sixth Circuit held that "when affidavits based on knowledge and belief are submitted to support or oppose a motion for summary judgment, the district court has discretion to determine whether it can differentiate between knowledge and belief for each averment in the affidavit."    795 F.3d at 605.    If the court can distinguish the statements made on personal knowledge from those made on mere information and belief, the court should consider the statements made on personal knowledge and disregard the other statements.    If the court cannot so differentiate, the affidavit must be disregarded "in its entirety."    *Id.*    The same standards apply to the defendants' discovery responses.    Accordingly, Director Lambrix's exhibits (ECF No. 95-1, PageID.388-400; ECF No. 95-3, PageID.406-12) are disregarded and Supervisor Staff's exhibits (ECF No. 95-2, PageID.402-405; ECF No. 95-4, PageID.417-20) are considered herein.

-13-

C.    Proposed Findings of Fact

The following facts are undisputed or beyond genuine issue.   Plaintiff was an inmate in the custody of the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) during the period at issue.    Food Service Supervisor Michaela Staff and Food Service Director Jolene Lambrix were employees of Trinity Food Services Group, Inc. at ECF during the same period.

On  May 5, 2016, Supervisor Staff charged plaintiff with the Class III misconduct of violating food service work rules by leaving an oven in the vegan room on all night and by not keeping a baking pan in its designated area.   (ECF No. 1-2, PageID.13).   The minor misconduct charge resulted "in a detail lay-in, and a request for termination."   (ECF No. 95-4, PageID.418; Plf. Decl. ¶ 4, ECF No. 101, PageID.512).   On May 12, 2016, a hearing officer found plaintiff not guilty.   The only explanation that he or she provided for this decision was as follows:   "I find prisoner not guilty based on, Due process not met."   (ECF No. 1-2, PageID.14).

On  June 30, 2016, Food Services Director Jolene Lambrix aggressively approached plaintiff, questioned him at length why he had not signed off on a grievance concerning Supervisor Staff, and threatened to fire plaintiff from his work assignment.   (Plf. Decl. ¶ 6, PageID.512).

D.    Discussion

1.    First Amendment

In order to set forth a First Amendment retaliation claim, plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct.    *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

a.    Protected Conduct

Plaintiff argues that his conversation with Supervisor Staff at some unspecified time before she charged him with the Class III misconduct constituted protected conduct.    (Plf. Brief, 2, ECF No. 103, PageID.518).    Plaintiff indicates that an attached affidavit of prisoner Howard provides the content of that conversation. (*Id.* at 2-3, PageID.518-19).    Prisoner Howard's declaration (ECF No. 1-1, PageID.10-11) cannot be considered because his statements were made on mere information and belief.    (*Id.* at PageID.11).    Further, assuming the Court could consider the declaration, it would not provide evidence of plaintiff's protected conduct. The declaration does not supply the quote that plaintiff attributes to Supervisor Staff. "Arguments in parties' briefs are not evidence."    *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006).    Further, informal prison conversations are not considered protected conduct.    *See Clark v. Johnston*, No. 13-3581, 2014 WL 11070973, at *1

-15-

(6th Cir. June 16, 2011).

Prisoners have a First Amendment right to file non-frivolous grievances.    *See Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018).    Defendant Lambrix has not presented any argument claiming that plaintiff's grievance fell outside the scope of protected conduct.

### b.    Adverse Action

An adverse action is one that would "deter a person of ordinary firmness from the exercise of the right at stake."    *Thaddeus-X*, 175 F.3d at 396; *see Maben*, 887 F.3d at 266.    "Whether a retaliatory action is sufficiently severe to deter a person of ordinary firmness from exercising his or her rights is a question of fact."    *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002).    "However, some adverse actions are so *de minimis* that they do not rise to the level of a constitutionally cognizable injury. This threshold is intended to weed out only inconsequential actions, and is not a means whereby solely egregious retaliatory acts are allowed to proceed past summary judgment."    *Maben*, 887 F.3d at 266 (citations and quotations omitted).

Neither party cites the Sixth Circuit's decision in *Maben*, much less engages the significant "adverse action" issues that it left unresolved.    In *Maben*, the Sixth Circuit held that a Class II misconduct charge could support a retaliation claim, but it did not address whether a Class III misconduct charge was sufficiently *de minimis* that it could not support a First Amendment retaliation claim.    "When deciding whether the issuance of a misconduct ticket rises to the level of an adverse action, we

look to both the punishment [the prisoner] could have faced and the punishment he ultimately did face." *Id.* at 266.   Plaintiff was found not guilty, so he did not experience any punishment.   The parties have not identified nor provided analysis of the potential penalties that plaintiff could have faced if convicted of a Class III misconduct in May 2016.   I find that the briefing on the adverse action element is inadequate and that it is unnecessary for the Court to decide this issue because plaintiff's claim against Supervisor Staff falters on the causation element.

Defendant Lambrix argues that loss of a work assignment cannot supply the adverse action element of a retaliation claim.[10]   (Def. Brief, 16, PageID.437).   Loss of a prison work assignment, depending on the circumstances, can be a sufficiently adverse action.   *See Siggers-El v. Barlow*, 412 F.3d 693, 699-704 (6th Cir. 2005); *see also Robinson v. Killips*, No. 18-1485, 2019 WL 1931873, at*3 (6th Cir. Feb. 22, 2019) ("Because Robinson's loss of overtime opportunities and pay were not truly inconsequential, we vacate the district court's judgment with respect to Robinson's

---

[10] Although it is appropriate to note that prisoners do not have any constitutionally protected right to a prison work assignment, the Court's analysis must focus on the First Amendment framework established by *Thaddeus-X* and its progeny.   *See Hill v. Lappin*, 630 F.3d 468, 473 (6th Cir. 2010) ("Where the district court's analysis went astray ... was in focusing on the wrong constitutional right; *i.e.*, the nonexistent right to [prison employment] versus the existing right to avoid retaliation for exercising the First Amendment right to file grievances against prison officials."); *see also Walton v. Gray*, 695 F. App'x 144, 146 (6th Cir. 2017) (finding that the district court committed reversible error where its adverse action analysis focused on the nonexistent right to prison employment).

retaliation claim."); *Moore v. Fales*, No. 1:18-cv-1237, 2019 WL 667886, at *3 (W.D. Mich. Feb. 19, 2019) (collecting cases).    Director Lambrix has not shown that a reasonable trier of fact could not find in plaintiff's favor on this element.

c.    Causation

The causation element is analyzed under the burden-shifting framework articulated in *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977).    *See Thomas v. Eby*, 481 F.3d 434, 441 (6th Cir. 2007).    If the plaintiff carries his burden of showing that his protected conduct was a motivating factor in the adverse action, the burden shifts to the defendant to show that he or she would have taken the same action in the absence of protected activity.    *Maben v. Thelen*, 887 F.3d at 262.

Plaintiff has not presented evidence on which a reasonable trier of fact could find in his favor on the causation element against Supervisor Staff.    She filed the Class III misconduct charge before plaintiff engaged in protected conduct.    Where the adverse action predates the protected conduct, the claim fails to satisfy the causation element.    *See Reed-Bey v. Lewis*, No. 13-10168, 2017 WL 9471683, at *6 (E.D. Mich. Aug. 28, 2017).

Director Lambrix did not present any developed argument asserting that no reasonable trier of fact could find in plaintiff's favor on the causation element of his claim.

2.    Damages

Defendants seek summary judgment on damages issues.   They argue that plaintiff cannot recover compensatory damages because he failed to demonstrate "physical injury" as required by 42 U.S.C. § 1997e(e).   (Def. Brief, 20-21, ECF No. 96,  PageID.441-42;  Reply Brief, 5-6, ECF No. 105, PageID.527-28).   Defendants assert that "a generous reading of the complaint can lead one to assume that Plaintiff's request for compensatory damages is based solely on mental and/or emotional injury."   (Def. Brief, 20, PageID.441).   This argument requires little discussion, and defendants' assertion cannot withstand scrutiny.   Plaintiff is claiming damages for retaliation in violation of his First Amendment rights. (Compl., 5, ECF No. 1, PageID.5).

The controlling Sixth Circuit precedent is *King v. Zamiara*, 788 F.3d 207 (6th Cir. 2015).   "[T]he plain language of [§ 1997e(e)] [11] does not bar claims for constitutional injury that do not also involve physical injury" and it "says nothing about claims brought to redress constitutional injuries, which are distinct from mental and emotional injuries."   *King*, 788 F.3d at 213.   "It would be a serious mistake to interpret section 1997e(e) to require a showing of physical injury in all

---

[11] Section 1997e(e) states:   "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a showing of physical injury."   42 U.S.C. § 1997e(e).

prisoner civil rights suits.   The domain of the statute is limited to suits in which mental or emotional injury is claimed." *King*, 788 F.3d at 213 (citation and quotation omitted).   "[D]eprivations of First Amendment rights are themselves injuries, apart from any mental, emotional, or physical injury that might also arise from the deprivation, and that § 1997e(e) does not bar all relief for injuries to First Amendment rights." *King*, 788 F.3d at 212; *see also Bailey v. Ingram*, No. 16-6707, 2017 WL 5644368, at *2 (6th Cir. Aug. 20, 2017) ("Because Bailey alleged violations of his First Amendment rights as injuries, he was not required to claim physical injury.").

"Punitive damages are appropriate in a § 1983 action 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.' " *King*, 788 F.3d at 216 (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)).   A statement that plaintiff "cannot establish that Defendants engaged in any conduct even remotely based on an evil motive or intent or recklessness or callous disregard for constitutional rights" (Def. Brief, 21, PageID.422; Reply Brief, 7, PageID.529) is not sufficient to eliminate the prospect of an award of punitive damages against Director Lambrix on plaintiff's First Amendment retaliation claim.   She did not provide the Court with an affidavit or declaration regarding her state of mind when she acted on June 30, 2016.

## Recommended Disposition

For the reasons set forth herein, I recommend that the Court dismiss all plaintiff's federal claims other than his First Amendment retaliation claims under 42 U.S.C. §§ 1915(e)(2), 1915A for failure to state a claim upon which relief can be granted. I further recommend that the Court decline to exercise supplemental jurisdiction. I further recommend that defendants' motion for summary judgment (ECF No. 94) be granted in part and denied in part. Defendants' motion should be granted on plaintiff's First Amendment retaliation claim against Supervisor Staff and denied on plaintiff's First Amendment retaliation claim against Director Lambrix.

Dated:  July 23, 2019                    /s/ Phillip J. Green
                                         PHILLIP J. GREEN
                                         United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).