UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY BRAGG, #367054,  )
                Plaintiff,  )
                  )    No. 1:16-cv-1271
-v-  )
                  )    Honorable Paul L. Maloney
M. STAFF and JOLENE LAMBRIX,  )
                Defendants.  )
                  )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Jerry Bragg, a prisoner under the control of the Michigan Department of Corrections, filed a civil rights lawsuit against two individuals associated with the food services at the institution. Defendants filed a motion for summary judgment. (ECF No. 94).

The Magistrate Judge issued a report recommending (1) the Court decline to exercise supplemental jurisdiction over all state law claims; (2) the Court dismiss all federal claims other than the First Amendment Retaliation claims, and (3) the Court grant in part and deny in part Defendants' motion for summary judgment. The Magistrate Judge recommends dismissal of the retaliation claim against Defendant Staff. The Magistrate Judge recommends finding genuine issues of material fact concerning the retaliation claim against Defendant Lambrix.

Plaintiff and Defendant Lambrix filed objections. After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to

which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

A. Defendant Lambrix' Objections

The retaliation claim against Lambrix is set forth in paragraph 6 of Plaintiff's declaration filed in response to the motion for summary judgment. (ECF No. 101 Pl. Dec. ¶ 6 PageID.512.) "On June 30, 2016, Plaintiff was aggressively approached by defendant Lambrix who began to question plaintiff at length on why he didn't agree to sign off on the grievance concerning her subordinate, defendant Lambrix then threatened Plaintiff and to fire him from his job." The Magistrate Judge concluded this statement was sufficient to survive summary judgment.

1. Lambrix objects to the conclusion that her exhibits (discovery response) should be disregarded. The objection is overruled. This dispute does not make a difference. Assuming the Court could fully consider the exhibits, for this motion the Court must view the evidence in the light most favorable to Plaintiff. At best, Lambrix merely disputes Plaintiff's recollection.

2. Lambrix objects to the conclusion that she did not develop causation arguments in her motion for summary judgment. The objection is overruled. Viewing the evidence in the light most favorable to Plaintiff, there is sufficient evidence to support each element of a retaliation claim. Plaintiff filed a grievance (protected conduct) against Defendant Staff. Lambrix, Staff's supervisor, discussed the grievance with Plaintiff and threatened (adverse action) Plaintiff during the conversation. A connection (causation) existed between the

grievance (protected conduct) and the threat (adverse action).  While investigating the grievance might be part of Lambrix's duties as supervisor, threatening Plaintiff was not included in those duties.  The Court will not consider Lambrix's argument that she had no authority to terminate Plaintiff.  That argument was not raised in the motion for summary judgment.

3.  Lambrix objects to the conclusion that the claim against her is not premised on respondeat superior.  The objection is overruled.  As explained in the discussion of the previous objection, the claim against Lambrix is based on her own actions, and not merely on the basis of her status as Staff's supervisor.

B.  Plaintiff Bragg's Objections

1.  Due Process.  Plaintiff argues he has a due process right not to have false charges brought against him.  The objection is overruled.  Plaintiff cannot identify a protected interest implicated by the misconduct proceedings.

2.  Retaliation Claim against Defendant Staff.  Plaintiff contends he engaged in protected conduct when he approached Defendant Lambrix on May 3 to complain about food staff failing to perform the proper security measures.  Plaintiff argues the May 3 complaint constitutes protected conduct and it occurred before the misconduct charge was filed which would establish causation.  The objection is overruled.  Plaintiff did not plead any facts about this meeting in the complaint or in his response to the motion for summary judgment.

3.  Respondeat Superior.  Plaintiff does not identify any specific finding in the R&R.

4. Affidavits. Plaintiff argues the Magistrate Judge should have considered the affidavits from Parker and Howard. The objection is overruled. This dispute does not make a difference to the resolution of any issue in this motion.

Accordingly, the Report and Recommendation (ECF No. 109) is **ADOPTED** as the Opinion of this Court.

1. Plaintiff Bragg's state law claims are dismissed without prejudice. The Court declines to exercise supplement jurisdiction over those claims.

2. Plaintiff' Bragg's federal law claims, other than the retaliation claims are dismissed for failure to state a claim.

3. Defendants' motion for summary judgment (ECF No. 94) is **GRANTED IN PART and DENIED IN PART.** Plaintiff's retaliation claim against Defendant Staff is dismissed. Genuine issues of material fact preclude the dismissal of Plaintiff's retaliation claim against Defendant Lambrix.

**IT IS SO ORDERED.**

Date: September 16, 2019              /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      United States District Judge